UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | CIVIL ACTION |
| VERSUS | NO: 25-01295 |
| THE ADMINISTRATORS OF THE TULANE EDUCATION FUND | SECTION: T (5) |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Proceed Under Pseudonym. In her motion, Plaintiff does not seek to seal the docket. Instead, she seeks an order (1) allowing her to proceed under the pseudonym "Jane Doe" in this action, (2) requiring the use of the pseudonym "Jane Doe" in public filings and the redaction of Plaintiff's name and identifying information from public filings, (3) prohibiting Defendant from publicly identifying Plaintiff in connection with this litigation, (4) requiring the complainants in the underlying disciplinary proceedings to be identified as "John Doe" in public filings and redaction of their names from public filings, and (5) permitting the parties to identify nonparties to the action who were Tulane University students at the time of the events alleged in the Complaint to be identified by their initials in public filings and redaction of their full names from public filings.

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties," including the plaintiff. Fed. R. Civ. P. 10(a). "Public access to this information is more than a

1

customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981). When assessing whether a party may proceed anonymously in an action, therefore, the Court must balance "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 186.

The Fifth Circuit has identified three factors a district court should consider when determining whether a party can proceed anonymously: (1) whether the plaintiff is "suing to challenge governmental activity"; (2) whether the suit compels the plaintiff "to disclose information 'of the utmost intimacy'"; and (3) whether the suit compels the plaintiff to admit an "intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)). These factors, though, are not "a rigid, three-step test." *Id.* Rather, they are part of "the matrix of considerations arguing for anonymity." *Id.* at 186.

Applying *Stegal*, this Court finds that the factors arguing for anonymity outweigh those arguing for public access to Plaintiff's name. On the one side, this suit arises from claims related to the sexual attack of the plaintiff/victim. As such, it involves a matter of "the utmost intimacy"—a factor that "deserve[s] considerable weight," *Stegall*, 653 F.2d at 186. On the other side, the "public right to scrutinize governmental functioning" will not be greatly diminished by Plaintiff's anonymity here. *See id.* at 185. The facts of the case and the reasoning of the Court will remain

available to the public.

The Court, however, may revisit this ruling once Defendant is served and has the opportunity to respond. The obligation remains with the parties to comply with this Order.

Accordingly,

**IT IS ORDERED** that the Motion to Proceed under a Pseudonym is GRANTED.

New Orleans, Louisiana, this 3rd day of July 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE