UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE DOE | CIVIL ACTION |
| VERSUS | NO: 25-01295 |
| ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, et al. | SECTION: T (5) |

### ORDER AND REASONS

Before the Court are various addenda and motions filed *pro se* by Plaintiff Jane Doe. *See* R. Docs. 11, 12, 13, 14, 15, 16, 19, and 20. Plaintiff filed an initial Complaint on June 24, 2025. R. Doc. 1. Without leave of court, she then filed a First Amended and Supplemental Complaint on July 10, 2025. R. Doc. 9. Just seven days later, again without leave of court, she filed a 251-page Second Amended and Supplemental Complaint and exhibits totaling 757 pages. R. Doc. 10. For purposes of this litigation, the court will treat the Second Amended and Supplemental Complaint as the most recent expression of Plaintiff's Complaint and will not consider in any manner the original Complaint (R. Doc. 1) or the First Amended and Supplemental Complaint (R. Doc. 9).

Furthermore, since the filing of her 757-page Second Amended and Supplemental Complaint, Plaintiff has sought to amend that pleading without leave of court. *See* Fed. R. C. Pro. 15(a). Accordingly, the court will strike Record Documents 11, 12, and 13 from the record.

Plaintiff has also moved to file a *qui tam* action (R. Doc. 14) and related pleadings to seal

1

the record for 60 days (R. Doc. 15) and to invoke whistleblower protections (R. Doc. 16). The court finds these pleadings should not be joined with Plaintiff's Second Amended and Supplemental Complaint. Accordingly, the court will deny those motions.

Next, Plaintiff has filed a 135-page motion to file an addendum to her complaint under seal (R. Doc. 19). This motion attempts to assert an action under the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act. The court finds this action to be unrelated to Plaintiff's Second Amended and Supplemental Complaint and that motion will be denied.

Next, Plaintiff has filed a 29-page motion to file notice of Exhaustion of Administrative remedies. R. Doc. 20. To the extent that it relates to the Second Amended and Supplemental Complaint, the court will grant the motion.

Lastly, Plaintiff is reminded that, though she has been allowed to proceed under a pseudonym (*see* R. Doc. 4), she must comply with the LR 11.1, which requires *pro se* litigants to sign any documents or pleadings filed into the record. Failure to do so will result in the rejection or striking of such documents or pleadings.

Accordingly,

**IT IS ORDERED** that Record Documents 11, 12, and 13 are hereby STRICKEN FROM THE RECORD.

**IT IS FURTHER ORDERED** that the Motion to File *Qui Tam* Action (R. Doc. 14), the Motion for Temporary 60-Day Seal of the Record (R. Doc. 15), and the Motion to Invoke

Whistleblower Protections (R. Doc. 16) are hereby DENIED.

**IT IS FURTHER ORDERED** that the Motion to File Addendum to the Complaint and to File under Temporary 60-day Seal (R. Doc. 19) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Notice of Exhaustion of Administrative Remedies (R. Doc. 20) is GRANTED IN PART.

New Orleans, Louisiana, this 4th day of August 2025.

*[signature: Greg Gerard Guidry]*
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE