UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 25-1295** |
| **ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND, ET AL.** | **SECTION: "T" (5)** |

## ORDER

Before the Court is a Motion for Appointment of Counsel (rec. doc. 27) filed by Plaintiff Jane Doe. Having reviewed the pleading and the case law, the Court rules as follows.

### I.  Background

On June 24, 2025, Plaintiff filed her Complaint against numerous Defendants associated with Defendant Administrators of the Tulane Educational Fund. (Rec. doc. 1). On July 10 and July 17, 2025, respectively, Plaintiff filed her First Amended and Supplemental Complaint (rec. doc. 9) and Second Amended and Supplemental Complaint. (Rec. doc. 10).

The three Complaints arise out of "[an] act of sexual violence against Jane Doe, which culminated in Defendants undertaking of sexual misconduct proceedings. . . ." (Rec. doc. 10 at 14). The gist of Plaintiff's Second Amended and Supplemental Complaint is as follows:

> 17. This complaint arises out of the actions and omissions of Tulane University d/b/a Tulane University ("Tulane" or the "University") and its agents, employees, and offices. This Complaint arises from the following inciting events undertaken by Tulane University:
> 
> I.  Faulty and flawed sexual misconduct disciplinary proceedings in which Jane Doe, a student at Tulane, was Complainant.
> II. Faulty and flawed misconduct disciplinary proceedings brought against Jane Doe in which Jane Doe was Respondent,

>    III.   Faulty and flawed complaint and grievance procedures.
> 18. After a fellow Tulane forcibly raped and battered Jane Doe in her off-campus home on September 19, 2021, Tulane undertook investigative proceedings that prejudicially and materially deviated from: (a) regulations to which recipients of federal funding are bound; (b) Tulane's own binding policies; (c) relevant governing state law; and (d) relevant governing federal law.

(Rec. doc. 10 at 15).  Plaintiff alleges that Defendants

> (I) violated Title IX; (II) breached contract; (III) breached implied covenant of good faith and fair dealing; (IV) breached state estoppel and detrimental reliance; (V) demonstrated negligence, imprudence, and lack of skill; (VI) intentionally inflected emotional distress: or otherwise (VII) negligently inflicted emotion distress; (VIII) engaged in representations of fraudulent misrepresentation: and (IX) fraudulent concealment: in a manner which was also: (a) in a consortium: (b) patterned: and therefore (c) organized; thereby also representations of: (X) racketeering activities: which were deliberately contrived to serve the interests and prerogatives of its corrupted organization respondeat superior Tulane University, which was therefore a: (XI) RICO.

(Rec. doc. 10 at 15-16).  Plaintiff seeks declaratory and injunctive relief and general, punitive, and treble damages.  (Rec. doc. 10 at 240-51).

## II.   Law and Analysis

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel."  Plaintiff has neither a constitutional nor an automatic right to appointed counsel in a civil case.  *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).  Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."  *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002).   Indeed, the federal court has

considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

    The evidence which must be adduced includes

    (1)    plaintiff's indigence and
    (2)    efforts made to secure counsel.

    However, these are bare minimum *threshold* considerations. Additionally, the Court should consider the following factors:

    (a)    the type and complexity of the case;
    (b)    whether the indigent is capable of presenting his case adequately;
    (c)    whether he is in a position to investigate his case adequately; and
    (d)    whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213. The Court also considers whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

    This Court granted Plaintiff pauper status, and she thus proceeds as an indigent. (Rec. doc. 5). Plaintiff has attempted to retain an attorney on at least 13 occasions, all of whom declined to take her case, some even declining due to a conflict with some of Defendants. (Rec. doc. 27 at 2-3). The Court finds that this is an unusually complex case that involves both Constitutional and state-law principles that will necessitate significant research and investigation. It is certainly not a typical, run-of-the-mill case. The Court finds that the appointment of counsel will be of service to the Court in briefing and/or

3

sharpening the issues. Indeed, Plaintiff has already overburdened the District Court with numerous motions and pleadings, some of which have been stricken from the record and the majority of which have been denied. The Court determines that counsel will also aid Plaintiff to present these highly legal issues to the Court in an effective and coherent manner to allow for the just and speedy resolution of Plaintiff's claims. The Court finds that efficient research and investigation – to which Plaintiff has limited access – by legally-trained counsel will assist this Court and the parties to resolve this lawsuit and advance the proper administration of justice.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Appointment of Counsel (rec. doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before October 1, 2025, the FBA-NO Pilot Program Coordinator is to undertake a search for an attorney from the Civil Pro Bono Counsel Panel for the appointment and provide that attorney's name and contact information to the undersigned. Once that information is received, the Court will issue an order directing the Clerk of Court to designate that attorney on the docket sheet as counsel for Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this order to the Program Coordinator.

New Orleans, Louisiana, this 17th day of September, 2024.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**