UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JANE DOE                              *        CIVIL ACTION NO. 2:25-cv-01295
                                      *
VERSUS                                *
                                      *        JUDGE GREG G. GUIDRY
THE ADMINISTRATORS OF THE             *
TULANE EDUCATIONAL FUND, ET.          *        MAGISTRATE JUDGE
AL.                                   *        MICHAEL B. NORTH
                                      *
                                      *

## MOTION FOR STATUS CONFERENCE

Reserving all exceptions, rights, and defenses including those raised in its pending Motion to Dismiss (Rec. Doc. 39), Defendant, the Administrators of the Tulane Educational Fund d/b/a Tulane University ("Tulane") respectfully moves for a brief in-person status conference with Magistrate Judge North to address certain discovery and communication issues between pro se Plaintiff and Tulane employees.

Pro se Plaintiff has filed a 756-page Second Amended and Supplemental Complaint (Rec. Doc. 10) suing Tulane, offices and departments within Tulane, and several Tulane employees.  In her Second Amended Complaint, Plaintiff alleges nearly 40 causes of action for constitutional violations, fraud, criminal claims, tort claims, breach of contract claims and other miscellaneous claims.  Plaintiff's claims largely arise from Tulane and its employees' handling of multiple misconduct complaints by and against Plaintiff while she was a student, and Plaintiff claims that Tulane and its employees discriminated against her on the basis of her sex and an alleged disability. Defendants have filed a Motion to Dismiss (Rec. Doc. 39) which is pending.

Since Plaintiff filed her lawsuit on June 24, 2025, she has often tried to engage Tulane and its employees, including those named as defendants, about the claims and issues raised in her lawsuit.  On August 21, 2025, undersigned counsel sent an introductory email to Plaintiff

#5883507v1

requesting that all litigation-related inquiries be directed to undersigned counsel. *See* Exhibit A, E-Mail dated August 21, 2025.  Nevertheless, Plaintiff continued to direct litigation-related demands and questions directly to Tulane's employee defendants for months, including serving interrogatory-type questions directly on the employee defendants. *See* Exhibit B, Sample Interrogatory Served on Employee Defendants in Nov. 2025.[1]  Plaintiff seemingly believes that she can force Tulane employees to respond to litigation-related issues by labeling her inquiries as "education-related" and/or in her capacity as a student.  Given Plaintiff's status as a pro se litigant and student, Tulane and its employees have spent hundreds of hours trying to explain appropriate boundaries and engaging with Plaintiff on all issues not related to her litigation (while repeatedly asking Plaintiff to direct litigation-related inquiries to undersigned counsel).

Over the past two weeks, Plaintiff sent a litany of communications to the employee defendants asking litigation-related questions (i.e., whether and why Tulane's Code of Conduct creates a binding contract, about decisions made in the conduct process that forms the basis of her lawsuit).  The employee defendants again asked Plaintiff to direct litigation-related questions to undersigned counsel (which Plaintiff declined to do), and undersigned counsel again asked Plaintiff to direct litigation-related questions to her.  *See* Exhibit C, E-Mail Chain dated February 28, 2026.  In response, Plaintiff immediately told undersigned counsel not to contact her except to serve pleadings (*see id*.), told the employees she would not communicate with undersigned counsel, bombarded those same employees with a multitude of emails containing litigation questions and accusing them of illegal conduct, set a Zoom meeting with one employee in which she again asked litigation-related questions, and requested that Tulane issue a no-contact order

---

[1] While Plaintiff framed these requests as "FERPA Questionnaires," they are clearly tailored to address claims raised in Plaintiff's pending lawsuit (i.e., disability discrimination, her student conduct process) and Tulane's employee-defendants informed her as much but did their best to respond to the few inquiries not related to litigation.

#5883507v1

against undersigned counsel.

Tulane and undersigned counsel have patiently tried to work with Plaintiff for months on these issues and appropriate litigation boundaries, but are now forced to bring this to the Court's attention. Plaintiff's refusal to direct litigation-related inquiries to undersigned counsel and the sheer volume of demands she continues to send are untenable. The tone (accusatory, threatening and/or harassing), timing (late night), and volume (constant) of communications from Plaintiff have also created concerns for Tulane employees.[2] Plaintiff has also threatened undersigned counsel with baseless sanctions. While Tulane reserves the right to file a motion for protective order preventing Plaintiff from inappropriately contacting Tulane and its employee defendants about claims and issues related to her pending litigation, Tulane is aware that Plaintiff is proceeding pro se and hopes to resolve this without the need for otherwise unnecessary motion practice. Therefore, Tulane respectfully requests an in-person status conference with Magistrate Judge North to discuss appropriate discovery and communication issues between pro se Plaintiff and Tulane employees.

Respectfully submitted,

*/s/ Amy L. McIntire*
Amy L. McIntire, Bar No. 35241
Valerie M. Andrews, Bar No. 39466
of
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6054
Email: mcintire@chaffe.com
valerie.andrews@chaffe.com
***ATTORNEYS FOR DEFENDANT***

---

[2] When Tulane employees have requested that she direct litigation-related inquiries to undersigned counsel, Plaintiff has continually accused them of retaliation and reported or tried to report them to Government agencies.

3

#5883507v1